UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE ROUNDTREE,

    Plaintiff,

v.                                                 Case No. 8:18-cv-1524-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

### I.    Procedural Background

Plaintiff filed an application for a period of disability and DIB (Tr. 192-98, 585). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 127-29, 131-32, 585). Plaintiff then requested an administrative hearing (Tr. 133-34). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 87-120, 154-81, 585). Following the hearing, the ALJ issued an unfavorable decision

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 66-86). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 24).

Plaintiff sought judicial review in a previous case, 8:18-cv-1718-T-MAP, and the Court remanded the case on September 25, 2015 (Tr. 612-20). Pursuant to the Court's order, the Appeals Council remanded the case for further development (Tr. 708). Plaintiff had a supplemental hearing before the ALJ on October 12, 2016, at which Plaintiff appeared and testified (Tr. 625-40). The ALJ issued an unfavorable decision on November 23, 2016 (Tr. 582-99). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 573). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1956, claimed disability beginning May 14, 2010 (Tr. 192). Plaintiff obtained at least a high school education (Tr. 79). Plaintiff has no past relevant work experience[2] (Tr. 598). Plaintiff alleged disability due to depression, anxiety disorder with agoraphobia, panic disorder, personality disorder, chronic pain syndrome primarily in her back, hips and legs, right shoulder osteoarthritis, and chronic obstructive pulmonary disorder ("COPD") (Tr. 916-24, 944-54, 957-59, 971-81).

---

[2] The ALJ noted that while Plaintiff worked in various positions during the fifteen years prior to her date last insured, Plaintiff's earnings did not rise to the level of substantial gainful activity (Tr. 598).

2

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015, and had not engaged in substantial gainful activity since May 14, 2010, the alleged onset date (Tr. 588). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: chronic pain syndrome, COPD, right shoulder osteoarthritis, questionable neuropathy, thyroid disorder, obesity, depression, panic disorder, anxiety disorder, and personality disorder (Tr. 588). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 588-89). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work with occasional overhead reaching with the right dominant extremity; can frequently climb ladders, ropes, and scaffolds, stoop, kneel, crouch, and crawl as well as exposure to fumes, dusts, gases, odors, and poor ventilation; can understand, carry out, and remember simple instructions in two-hour increments sufficiently enough to complete an 8-hour workday in an environment that does not involve fixed production quotas, only occasional changes in the work setting, and occasional interaction with co-workers and the general public (Tr. 590). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 591).

Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as hand packager, press tender, and general lithographic worker (Tr. 598). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 599).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe

impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the

proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV. Analysis**

By way of relevant background, this Court previously reversed the Commissioner's prior decision and remanded it for the ALJ's reconsideration and re-evaluation of the medical evidence on the record as a whole (Tr. 619-20). Specifically, Judge Pizzo found new evidence relevant and stated:

> Considering Plaintiff's assertion that the ALJ's evaluation of the psychological opinion of Billie Jo Hatton, Ph.D., was not supported by substantial evidence, particularly because it was primarily based on the sparse mental health treatment record in this case, and in light of Dr. [Gerald J.] Hodan's report, which identified complimentary limitations to those identified in Dr. Hatton's opinion, I find that remand is required so that the ALJ can reconsider and re-evaluate Dr. Hatton's opinions in conjunction with the newly submitted evidence. When the newly submitted records are considered alongside the other evidence in the administrative transcript, the result is that the ALJ's findings are not supported by substantial evidence. Despite the Defendant's arguments to the contrary, the Court finds that 'there is a reasonable possibility that the new evidence would change the administrative outcome.'"

(Tr. 619) (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)). Since the remand, two additional reports were added to the record: an examining consultation by Timothy Foster, Ph.D. (Tr. 1119-23) and a non-examining consultation by Nathan Strahl, M.D. (Tr. 1243-53). Upon remand and reconsideration, the ALJ afforded great weight to Dr.

Strahl's non-examining opinion while assigning little to no weight to the opinions of the three examining psychologists – Drs. Hatton, Hodan, and Foster.[3]

Plaintiff argues here that the ALJ erred by (1) relying on the opinion of a non-examining medical expert over the opinions of three examining consultative psychologists; (2) the ALJ's RFC assessment and hypothetical to the VE was not supported by substantial evidence; and (3) the ALJ failed to properly consider Plaintiff's mental impairment when arriving at his RFC. For the reasons that follow, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.

The Court first considers whether the ALJ erred by relying on the opinion of a non-examining medical expert over the opinions of three examining consultative psychologists.[4] In evaluating medical opinions, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record and the doctor's

---

[3] The ALJ expressly assigned little weight to Drs. Hodan's and Foster's opinions (Tr. 596, 597), but never expressly assigned any weight to Dr. Hatton's opinion in either of her decisions (Tr. 69-81, 585-599).

[4] The ALJ also discusses and gives "some weight" to non-examining consultative reports from Lawrence Annis, Ph.D., and David Kirk, Ph.D., because "the consultants were able to review the claimant's provided medical records as of the time of their opinions with applying their particular expertise" but acknowledges that "the record now contains additional mental health treatment notes and opinions that need to be evaluated" (Tr. 595-96). Similarly, the ALJ briefly discusses the opinions of non-examining consultative reports from Jermaine Robertson, Ph.D., and Michelle Butler, Psy.D., and affords them "more weight than Dr. Hodan's opinion since the consultants have particular and detailed knowledge of the standard of disability as set forth by the Commissioner and were able to review more of the record, including Dr. Hodan's report" (Tr. 596). Although the parties do not include or focus on these reports in the body of their argument, the Court's analysis is equally applicable to these reports as well.

specialization. *See* 20 C.F.R. § 404.1527(c). Generally, the more consistent a physician's opinion is with the record as a whole, the more weight an ALJ should place on that opinion. 20 C.F.R. § 404.1527(c)(4). Usually, the opinions of examining physicians are given more weight than non-examining physicians. *See* 20 C.F.R. § 404.1527(c)(1). "A non-examining doctor's opinion that contradicts an examining doctor's medical report is accorded little weight and cannot, standing alone, constitute substantial evidence." *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 740 (11th Cir. 2011)[5] (citing *Edwards v. Sullivan,* 937 F.2d 580, 584 (11th Cir. 1991)). The ALJ may, however, rely on a non-examining physician's opinion if it does not contradict the examining physician's medical findings or test results in the medical report. *See Edwards,* 937 F.2d at 584-85; *see also Spencer on behalf of Spencer v. Heckler,* 765 F.2d 1090, 1093–94 (11th Cir.1985) (per curiam).

Here, Dr. Strahl's report contradicts the three examining doctor's reports. Specifically, Dr. Strahl states that he does not feel that Plaintiff's anxiety precludes her from working but does influence the type of work and the interaction with others that comes with work (Tr. 1246). This is in direct contradiction to Dr. Foster who opined that Plaintiff "cannot complete a normal workweek without interruptions from psychologically based symptoms" (Tr. 1123). Moreover, it is in contradiction to Dr. Hatton's detailed assessment that Plaintiff's anxiety precludes her from work. Dr. Hatton opined that Plaintiff "begins having panic attacks upon leaving the house, which would

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

likely, on most occasions, result in her staying home, not being able to appear for work" and that Plaintiff is "not considered capable of being a reliable worker" (Tr. 1015-16). Because Dr. Strahl's report contradicts an examining doctor's report, it should have been accorded little weight, and, standing alone, cannot constitute substantial evidence.

Even if there is a conflict between the opinions, the ALJ may reject the testimony of an examining, but non-treating physician, in favor of a non-examining, non-treating physician when she gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995), as amended (Apr. 9, 1996). The ALJ offered several reasons for assigning little weight to the examining psychologist opinions, none of which are supported by substantial record evidence.

First, the ALJ points to the fact that the examining psychologists, Drs. Hodan and Foster, evaluated Plaintiff at the request of her attorney (Tr. 596). Concomitantly, the ALJ identifies Dr. Strahl as "an impartial medical expert" (Tr. 597). The weight given to a report of a consulting physician, however, does not depend on who retained the physician. *Hickel v. Comm'r of Soc. Sec.*, 539 F. App'x 980, 987 (11th Cir. 2013); *Lester*, 81 F.3d at 832. "An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner." *Lester*, 81 F.3d at 832 (citation omitted); *see also Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 847 (11th Cir. 2016) ("the mere fact that a medical report is provided at the request of counsel or, more broadly, the purpose for which an opinion is provided, is not a

9

legitimate basis for evaluating the reliability of the report") (quoting *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998)).

The ALJ also made note that Drs. Hodan and Foster were not treating sources and only met with Plaintiff one time (Tr. 596, 597). It is inconsistent, however, for the ALJ to discount a one-time consultative examining doctor's opinion because the doctor only saw the claimant once but not discount the opinion of the non-examining doctor for never examining Plaintiff at all. This rationale should apply with equal force to Dr. Strahl's opinion and actually bolsters the credibility of Drs. Hatton, Hadon, and Foster as the only examining specialists. *See Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 417 (11th Cir. 2015). Similarly, the ALJ explains one reason she afforded to Dr. Foster's opinion little weight was because "Dr. Foster's opinion was sought in connection with her disability claim by the claimant's representative rather than in an effort to complete treatment" (Tr. 597). However, the same is true of Dr. Strahl's opinion, *i.e.*, the opinion was sought in connection with Plaintiff's disability claim and not in an effort to complete treatment, and the rationale does not constitute an appropriate basis by which to discount only the examining consultative opinions. *See Hickel*, 539 F. App'x at 987 ("generating evidence is the purpose of obtaining opinions from medical sources, whether paid for by the Commissioner or by the claimant" and not a valid basis for rejecting a medical opinion).

The ALJ additionally discounted Dr. Hodan's opinion because he relied heavily on the claimant's report of her history and symptoms in arriving at his conclusions (Tr. 596). However, "a psychological assessment is by necessity based on the patient's report of symptoms and responses to questioning" and "it's illogical to dismiss the professional

10

opinion of an examining psychiatrist or psychologist simply because that opinion draws from the claimant's reported symptoms." *Aurand v. Colvin*, 654 F. App'x 831, 837 (7th Cir. 2016). As aptly pointed out by the court in *Aurand*, "there is no blood test for bipolar disorder." *Id.* at 837 and n.4. The ALJ also criticizes Dr. Hodan's report because it does not include any clinical signs (Tr. 596), but the ALJ fails to point to any contrary clinical signs included in any other report. Moreover, although also presumably based on self-reported information, Dr. Hodan refers to results from personality testing he conducted (Tr. 1015).

Next, the ALJ discounts Dr. Foster's opinion because "it is conclusory without supporting explanation and appears internally inconsistent" (Tr. 597). As an example of inconsistency, the ALJ states "Dr. Foster opined that the claimant can follow simple instructions and relate adequately to others, but then concluded she has marked limitations and cannot complete a normal workweek" (Tr. 597, 1123). It is unclear, however, how Plaintiff's ability to carry out simple instructions and relate adequately to others is inconsistent with marked limitations in memory and concentration and otherwise ineffective functioning (Tr. 1123). Dr. Foster specifically stated that Plaintiff "cannot complete a normal workweek without interruptions from psychologically based symptoms" (Tr. 1123), which is not inconsistent with Plaintiff's ability to follow simple instructions and to relate adequately to others. *Perez*, 625 F. App'x at 418 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)). The ALJ's description of Dr. Foster's opinion as conclusory without supporting explanation similarly rings hollow. Dr. Foster based his assessment on observation and tests of Plaintiff's ability to remember,

11

concentrate, and reason (Tr. 1122). Specifically, Dr. Foster noted Plaintiff was able to identify the year, season, month, and day of the week; was able to correctly identify the state, county, city, and type of building where they were located; related oddly and not pleasantly; showed no problems sustaining attention; had an affect that was "edgy and shaky today"; was able to accurately subtract 7 from 100; was able to spell the word "world" forward but not backward correctly; was able to immediately recall a list of 3 common items but could not recall them correctly after a 5-minute delay; was able to follow a simple 3-step instruction; was not able to read and write effectively; was not able to copy a simple design effectively; appears to not be functioning effectively, mentally (Tr. 1122). Dr. Foster also noted Plaintiff's memory and concentration appear to be markedly limited, in addition to her inability to leave the house by herself, which he discusses in detail (Tr. 1122). As such, Dr. Foster's conclusion that Plaintiff cannot complete a normal workweek without interruptions from psychologically based symptoms is clearly supported by adequate explanation and is not conclusory.

Finally, the ALJ points to each consultant's review of the record, or lack thereof, as a basis for assigning the respective weights to their opinions. In general, this is an appropriate basis upon which to assign weight. The regulations do not require a medical source to have the entire record to render a medical opinion, but the opinions may be evaluated on the degree to which the opinions consider all of the relevant evidence. *See* 20 C.F.R. § 404.1527(c). In fact, the regulations state that in deciding the proper weight to give medical opinions, one factor to consider is "the extent to which a medical source is familiar with the other information in [the] case record...." 20 C.F.R. § 404.1527(c)(6).

Closer review of the consultants' familiarity with other information in the record, however, reveals that this basis is not supported by substantial evidence.

The ALJ stated that Dr. Hodan "was only able to review a portion of claimant's treatment notes (Tr. 596). Dr. Hodan evaluated Plaintiff on October 30, 2012 (Tr. 1011-22). He reviewed Dr. Hatton's report dated February 21, 2011 (Tr. 408-13) as well as progress notes from May 21, 2010 through January 11, 2011 (Tr. 1012). As discussed below, Dr. Strahl identified Dr. Hodan's and Dr. Foster's opinions and specific mental health notes as the three most relevant documents in the record, but Dr. Foster's opinion and the specified mental health notes were not in existence at the time of Dr. Hodan's review.

The ALJ similarly notes that Dr. Foster "did not have the opportunity to review the evidence of record" and gives the example that "the claimant's reports of auditory hallucinations are not consistent with her treatment records" (Tr. 597). To the contrary, however, the record contains numerous references to similar indications by Plaintiff. *See* Tr. 476 (progress note dated 11/18/10 stating "Client states that just in the last few weeks she has begun hearing 'noises'[,] she states it sounds muffled and she can't make out if it's a voice or just noise."); Tr. 518 (progress note dated 1/28/12 stating "[Client] reports continues to hear muffled voices and family tells her no one said anything."); Tr. 1013 (Dr. Hodan's opinion dated 10/30/12 stating "She sometimes will believe her husband is calling her, get up to see, and be told he never called her at all.").

Lastly, the ALJ supports her assignment of great weight to Dr. Strahl's opinion, in part, with the assertion that Dr. Strahl, with minor exceptions, "reviewed the entire

record" (Tr. 597). Interestingly, Dr. Strahl's opinion specifically states that the most relevant documents in the record as related to Plaintiff's mental health issues are Dr. Hatton's opinion,[6] Dr. Foster's opinion,[7] and mental health notes from the Bay Front mental health clinic dated September 9, 2013 through August 11, 2015[8] (Tr. 1245). Moreover, there is no indication that Dr. Strahl considered Dr. Hodan's opinion in spite of the fact that the Court remanded for the specific purpose of the ALJ's consideration of Dr. Hodan's opinion in conjunction with Dr. Hatton's opinion (Tr. 619). Finally, Dr. Strahl's opinion belies a review of the entire record. Dr. Strahl's opinion focuses on Dr. Foster's diagnosis of schizoaffective disorder as inconsistent with the totality of the medical record. Dr. Strahl asserts that Dr. Foster bases this diagnosis on Plaintiff's indication that she hears mumbling sounds and someone calling her name but that this is the only reference within the medical record of ongoing psychotic symptoms (Tr. 1245). As noted above, the record, in fact, contains numerous references to similar indications by Plaintiff. As such, the ALJ's reliance on each consultant's proportional examination of the record as a basis for assigning weight lacks substantial evidence. The ALJ does not otherwise explain why Dr. Strahl, who never saw Plaintiff, was more qualified to assess Plaintiff's mental health than the professionals that did examine her.

Defendant argues that the ALJ properly discounted Dr. Hatton's opinion as inconsistent with the record evidence outlined earlier in the decision (Doc. 30 at 23) (citing Tr. 595). As an example, Defendant points to the ALJ's findings that some of Plaintiff's

---

[6] Identified as "a CE evaluation dated February 2011 (2F)."
[7] Identified as "a privately obtained CE evaluation dated November 2015 (22F)."
[8] Identified as "(25F)."

allegations of disabling mental limitations were inconsistent with her reports to her medical providers that she cared for her husband, was responsible for day to day decision making involved in running the household, organized closets, used the computer, and washed the walls and floors (Tr. 411, 476, 516, 594). A claimant's ability to perform everyday activities for a short duration, however, is not necessarily inconsistent with an assessment of an overall inability to function in a work setting. *Perez*, 625 F. App'x at 418 (citing *Lewis*, 125 F.3d at 1441). Similarly, Defendant argues that the objective evidence showed that, despite Plaintiff's mental impairments, she maintained intact memory, intact attention, appropriate dress and grooming, appropriate speech, cooperative attitude/behavior, coherent and logical thought processes and reasoning, and appropriate judgment (Doc. 30 at 25). Again, these findings do not contradict the examining consultants' ultimate conclusions concerning Plaintiff's inability to consistently attend work. *Perez*, 625 F. App'x at 418 (citing *Lewis*, 125 F.3d at 1441).

While the Court is not making a determination regarding whether Plaintiff's examining consultants should be entitled to great weight, the ALJ's decision to give little weight to the examining consultants and great weight to the non-examining consultant is not supported by substantial evidence. Accordingly, the case is remanded to the ALJ to reassess the weight given to the consultative opinions. The remaining issues presented by Plaintiff need not be addressed because of the impact remand on the first issue could have on the remaining issues.

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed and remanded for additional consideration of the opinion evidence and for further findings.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on this 25th day of September, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE